IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SMIT CHANTARA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:23-CV-1571-DII |
| | § | |
| EXPERIAN INFORMATION | § | |
| SOLUTIONS, INC., TRANS UNION LLC, | § | |
| and CITIBANK N.A., | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Before the Court is Plaintiff Smit Chantara's ("Chantara") Notice of Voluntary Dismissal, in which they dismiss their claims against Defendants Experian Information Solutions, Inc. ("Experian") and Citibank N.A. ("Citibank") with prejudice. (Dkt. 16). In their Notice, Chantara cites Federal Rule of Civil Procedure 41(a)(1)(A)(i), which allows a plaintiff to voluntarily dismiss an action without a court order by filing a notice of dismissal before the opposing party serves an answer or a motion for summary judgment. (*Id.* at 1). Though Rule 41 speaks of dismissing an "action," the Fifth Circuit has interpreted it to allow plaintiffs to dismiss all of their claims against individual opposing parties. *See Oswalt v. Scripto, Inc.*, 616 F.2d 191, 194–95 (5th Cir. 1980); *Plains Growers ex rel. Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 254–55 (5th Cir. 1973); *see also* 9 Charles A. Wright, et al. *Federal Practice and Procedure* § 2362 (3d ed. Aug. 2019 update).

Defendants Experian and Citibank have not served answers or motions for summary judgment. Chantara's notice is therefore "self-effectuating" and "no order or other action of the district court is required." *In re Amerijet Int'l, Inc.*, 785 F.3d 967, 973 (5th Cir. 2015), *as revised* (May 15, 2015).

Also before the Court is Chantara's Stipulation of Dismissal as to Defendant Trans Union LLC ("Trans Union"). (Dkt. 17). On April 25, 2024, Chantara and Trans Union dismissed all claims in this case with prejudice by joint stipulation of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (*Id.*). "Stipulated dismissals under Rule 41(a)(1)(A)(ii) . . . require no judicial action or approval and are effective automatically upon filing." *Yesh Music v. Lakewood Church*, 727 F.3d 356, 362 (5th Cir. 2013).

As nothing remains to resolve, **IT IS ORDERED** that the case is **CLOSED**.

**SIGNED** on April 26, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE